UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC SANDERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO.  3:02-CV-415 RM |
| v. | ) | |
| | ) | |
| SUSAN COLLINS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

<u>OPINION AND ORDER</u>

Eric Sanders, a *pro se* prisoner, file a petition for leave to proceed *in forma pauperis* on appeal. In response, the defendant, by counsel Indiana Attorney General, filed an objection. The defendant urges the court to deny the petition because Mr. Sanders recently received a $5,000.00 settlement. The Prison Litigation Reform Act of 1996 requires that an initial partial filing fee be assessed against an inmate who files a case or appeal and it does not permit this court to consider anything except the money in an inmate's prison trust account during the six months immediately preceding the filing.

> Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>> (A) the average monthly deposits to the prisoner's account; or
>> (B) the average monthly balance in the prisoner's account
> for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

An examination of Mr. Sanders' inmate trust account ledger shows that during the six months from October 19, 2004 to April 18, 2005, Mr. Smith received total deposits of $94.30.[1] This is an average of $15.71 per month. Therefore, applying the "average deposits" method, Mr. Sanders would owe $3.14 as an initial partial filing fee.

Alternatively, the "average balance" method requires that the court calculate the daily balance of Mr. Sanders' account for each of the 182 days during the those six months. On April 18, 2005, Mr. Sanders had $861.19 when the ledger was printed. A reverse application of his credits and debits demonstrates that his average balance was $1,657.57 during the prior six months. Therefore, applying the "average balance" method, Mr. Sanders would owe $331.51 as an initial partial filing fee.

Section 1915(b)(1) provides that an inmate pay the greater of these two calculations, but section 1915(b)(3) provides that, "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment." The filing fee for this appeal is $255.00, so that is the initial partial filing fee required by section 1915(b).

For the foregoing reasons, the court:

---

[1] Commissary and merchant refunds do not count as deposits.

(1) **GRANTS** the plaintiff leave to proceed on appeal *in forma pauperis* (docket # 183);

(2) **ORDERS** the facility having custody of the plaintiff to deduct **$255.00** from his inmate trust account and forward it to the clerk of this court in payment of the initial partial filing fee; and

(3) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to the facility where the plaintiff is currently housed.

SO ORDERED.

ENTERED: April __29__, 2005

___/s/ Robert L. Miller, Jr._____
Chief Judge
United States District Court

3